

# NUMBER 13-11-00076-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER GARZA,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

### On appeal from the 105th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Rose Vela

A Nueces County grand jury indicted appellant, Javier Garza, for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011). He pleaded guilty to the offense and was put on ten years' deferred-adjudication community supervision. At a revocation hearing, he pleaded "True" to two of the violations alleged in the State's motion to revoke. The trial court

revoked his community supervision, adjudicated him guilty of the underlying offense, and sentenced him to eighteen years' imprisonment. By four issues, appellant asserts: (1) the evidence did not support revocation; (2) his eighteen-year sentence amounted to excessive punishment; (3) the trial court erred in considering extraneous offenses in assessing punishment; and (4) an assault alleged as a violation of the terms of community supervision was committed in self defense. We affirm.

## I. DISCUSSION

### A. Sufficiency of the Evidence

In his first issue, appellant contends the evidence did not support revocation of his community supervision.

#### 1. Standard of Review

"The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision." *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979)). "The trial court's order revoking community supervision is reviewed under an abuse of discretion standard." *Id.* (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). "The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). "If the State fails to meet its burden of proof, the trial

2

court abuses its discretion in revoking the community supervision." *Id.* (citing *Cardona*, 665 S.W.2d at 493–94). "Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, 21(b); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd)).

"In a community supervision revocation hearing, an abuse of discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Wilkins v. State*, 279 S.W.3d 701, 703–04 (Tex. App.—Amarillo 2007, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). A "plea of true, standing alone, is sufficient to support the revocation of" community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

### 2. Analysis

Appellant argues the trial court should not have revoked his community supervision because the probation department recommended he remain on community supervision. At the revocation hearing, appellant's community-supervision officer, Ariel Rios, testified the "department is recommending that [appellant] be continued on probation, that he serve 60 days in Nueces County Jail, that he be placed on the electronic monitor device and that he be ordered to participate in the Batterers Intervention and Prevention Program." However, "[a] trial court in a motion to revoke probation hearing has wide discretion to modify, revoke, or continue the probation." *Ex*

3

*parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986). Appellant pleaded true to two violations of community supervision as alleged by the State. Appellant's pleas of true, standing alone, are sufficient to support the trial court's decision to revoke community supervision. *See Cole*, 578 S.W.2d at 128; *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Thus, the trial court's decision to revoke community supervision was not so clearly wrong that it fell outside the zone within which reasonable persons might disagree. Therefore, we hold the trial court did not abuse its discretion by revoking community supervision. Issue one is overruled.

**B. Excessive Punishment**

In issue two, appellant contends his eighteen-year sentence constitutes excessive punishment. In our review of a trial court's determination of the appropriate punishment in any given case, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Baldridge v. State*, 77 S.W.3d 890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). It is "the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal." *Jackson*, 680 S.W.2d at 814. A trial court will be found to have abused its discretion only if there is no evidence or factual basis for the punishment imposed. *Id.*; *Benjamin v. State*, 874 S.W.2d 132, 135 (Tex. App.—Houston [14th Dist.] 1994, no pet.). In addition, "[p]unishment assessed within the statutory range is not constitutionally cruel and unusual." *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.) (stating that "Texas courts have traditionally held that as long as the punishment is within

4

the range established by the legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment.") (footnote omitted).

Appellant pleaded guilty to the offense of aggravated assault with a deadly weapon, a second-degree felony.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b). Section 12.33 of the penal code provides that the punishment range for a second-degree felony is imprisonment for a term of not more than twenty years or less than two years, and a fine not to exceed $10,000.  *See id.* § 12.33(a), (b) (West 2011).  The punishment assessed by the trial court—confinement for eighteen years—is within the punishment range established by the Legislature for a person convicted of a second-degree felony. *See id.*

Appellant argues his eighteen-year sentence is excessive because:  (1) he was only fifteen years old when he committed the underlying offense of aggravated assault with a deadly weapon; (2) with respect to the underlying offense, he acted as an accomplice and was not the person who shot the victim; and (3) he was raising his infant daughter.   Despite these factors, the evidence elicited at the revocation hearing showed appellant:  (1) violated curfew; (2) assaulted his girlfriend by biting her on the arm; and (3) committed the offense of reckless driving.   Even though his sentence fell within the high end of the punishment range, it did not exceed the statutory range the Legislature authorized for the crime of aggravated assault with a deadly weapon.  *See id.*  Because "there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison[,]" we find

5

appellant failed to prove his sentence was unconstitutionally excessive. *See Jackson*, 989 S.W.2d at 846. Based upon the record before us, we are unable to conclude appellant's sentence is excessive or constituted cruel and unusual punishment. Issue two is overruled.

## C. Trial Court's Consideration of Extraneous Offenses

In issue three, appellant contends the trial court erred by considering extraneous offenses in determining the appropriate punishment to assess after deciding to proceed to adjudication. The motion to revoke alleged, in relevant part, appellant violated the terms of his community supervision by: (1) committed an assault on December 17, 2010; (2) committed reckless driving on October 18, 2010; (3) being in the company of a convicted felon on October 18, 2010; and (4) violated his curfew on October 18, 2010. During the revocation hearing, appellant pleaded "Not true" to these allegations.

After appellant pleaded to the violations, the State and defense presented evidence on the aforementioned allegations. After hearing the evidence, the trial court found the alleged violations to be true. Defense counsel, however, did not object to the trial court's consideration of these extraneous offenses in assessing punishment. "As a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)(1)(A)). "It is also necessary that the objecting party must continue to object each time the objectionable question or evidence is offered, obtain a running objection, or request a hearing outside the jury's presence in order to preserve a complaint for appellate review." *Id.* Because

appellant did not make a timely and specific request, objection, or motion to the trial court, this complaint is not preserved for appellate review.

Even assuming the complaint had been preserved, we note that "[u]nlike a criminal proceeding, guilt or innocence is not at issue during a probation revocation hearing." *Duke v. State*, 2 S.W.3d 512, 516 (Tex. App.—San Antonio 1999, no pet.). "Rather, what is at issue is whether the defendant has committed an act which effectively broke the contract he or she made with the court pursuant to granting probation." *Id.* The law is clear that at a punishment hearing, regardless of the plea and whether the punishment be assessed by the judge or the jury, "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2011). One purpose of this statute is for the factfinder to "learn 'as much useful information as possible in deciding the appropriate punishment for the individual defendant.'" *Arthur v. State*, 11 S.W.3d 386, 392 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (quoting *Mendiola v. State*, 924 S.W.2d 157, 163 (Tex. App.—Corpus Christi 1995, pet. ref'd, untimely filed)). This article encourages "truth in sentencing" by opening the doors to all relevant evidence in the punishment phase. *Peters v. State*, 31 S.W.3d 704, 716–17 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

In this case, because evidence regarding community-supervision violations was admissible to assist the trial court in assessing an appropriate punishment, the trial court did not err by considering this evidence in assessing appellant's punishment. Issue three is overruled.

7

**D. Self Defense**

In issue four, appellant asserts that a rational trier of fact could not have found that he violated the terms of community supervision by committing assault when all the witnesses testified the alleged assault was necessary in self defense. During the revocation hearing, testimony showed that on December 17, 2010, Angelica Guerra and appellant had an argument inside their apartment. Guerra testified she became "very aggressive" toward appellant "and . . . hurt [him] really bad." In response to her aggression, appellant shoved her and bit her arm. When the prosecutor asked Guerra, "And on this statement given at the time of the incident, it does show that you marked that you were hit, you were pushed, you were bitten, you were kicked, that he [appellant] grabbed you and he threatened you[?]", she said, "Yes." When the prosecutor asked her, "[A]re you saying that the statement you gave . . . is somehow inaccurate?", she said, "[Y]es, sir, just because I was really angry, putting things on that statement that—I was in the moment. I was over-exaggerating, in other words. . . ." When asked, "But you're not exaggerating when you said that he assaulted you by biting you?", she said, "No, I'm not lying about that." On cross-examination, Guerra testified she started the fight with appellant by grabbing his testicles.

Appellant testified Guerra got in his way and would not let him leave their apartment. When he asked "her to move out of the door[,] she grabbed [his] testicles." He bit her "because . . . she had her hand on my testicles, and she was squeezing them. And I was actually begging her to let go, but she wouldn't let go." He stated he never pushed Guerra and did not remember shoving her.

8

Appellant's contention is that the evidence shows he acted in self defense. However, the evidence relating to self defense is contradicted. Guerra's statement about the incident showed she was hit, pushed, bitten, kicked, and grabbed. Even though Guerra testified she was "over-exaggerating" when she made this statement, the trial judge could have decided Guerra was telling the truth when she made the statement. The trial court, therefore, was free to accept or reject appellant's defense of self defense. The trial court, by finding that appellant assaulted Guerra, implicitly rejected appellant's defense of self defense.

Even assuming the trial court erred by finding appellant violated the terms of community supervision by assaulting Guerra, appellant's pleas of true, standing alone, are sufficient to support the trial court's decision to revoke community supervision. *See Cole*, 578 S.W.2d at 128; *Duncan*, 321 S.W.3d at 58. Therefore appellant cannot show he was harmed by any error in rejecting the self-defense theory. *See* TEX. R. APP. P. 44.2. Issue four is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of May, 2012.

9