

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00317-CR

**DERRICK DWAYNE GRANT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1417-C2**

## OPINION ON REMAND

Derrick Dwayne Grant pled guilty to the offense of burglary of a habitation with the intent to commit aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. § 30.02 (Vernon Supp. 2010). He elected to have a jury determine his punishment, which was assessed at fifty-five years in prison. In his original brief on appeal, Grant raised two issues. He complained that the trial court erred by ruling that the State's peremptory challenges were not improperly racially motivated and that the trial court abused its discretion in allowing the State to question Grant's witnesses regarding whether Grant should be placed on community supervision or sent to prison. On

original submission, we sustained Grant's first issue and reversed and remanded for a new punishment hearing.

The State appealed this Court's decision to the Texas Court of Criminal Appeals. The Court reversed and remanded the case to this Court for consideration of Grant's remaining issue. Following remand, we gave the parties the opportunity to file supplemental briefs. *See Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990). The State filed a waiver and Grant did not file a brief. We now consider the remaining issue from Grant's brief on original submission. We overrule Grant's remaining issue and affirm the judgment of the trial court.

*Improper Witness Questioning*

Grant complains that the trial court erred by allowing the State to question witnesses presented by the defense regarding whether or not he should go to prison for the offense. There were four witnesses, including Grant himself, who were questioned regarding whether a person who shoots someone should go to prison.

*Standard of Review*

We review the admission of evidence under an abuse of discretion standard. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court abuses its discretion if its ruling is outside the zone of reasonable disagreement. *Id*.

*Preservation of Error*

The State contends that Grant's complaints were not properly preserved at trial or do not comport with their complaints on appeal. As a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection,

or motion to the trial court. TEX. R. APP. P. 33.1(a)(1)(A). Rule 33.1 also requires an adverse ruling to preserve error for purposes of appeal. *See Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (recognizing that the rules of evidence prescribe that a complaining party obtain "an adverse ruling from the trial judge . . . to preserve error in the admission of the evidence").

*Timeliness*

An objection is timely if it is made as soon as the ground for the objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred. *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). Generally, this occurs when the evidence is admitted. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived. *Id*.

*Specificity*

The purpose of the specificity requirement in rule 33.1(a) is to (1) inform the trial court of the basis of the objection and give it an opportunity to rule on it; and (2) give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). Additionally, a party's "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (point of error raised on appeal must correspond to objection made at trial).

*Failure to Continue to Object*

It is also necessary that the objecting party must continue to object each time the objectionable question or evidence is offered, obtain a running objection, or request a hearing outside the jury's presence in order to preserve a complaint for appellate review. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999). When, in response to an objection, the State rephrases the question and no objection is made to the rephrased question, there is no adverse ruling to complain about on appeal. *See Badall v. State*, 216 S.W.3d 865, 872 (Tex. App.—Beaumont 2007-, pet. ref'd).

*Testimony of Grant*

Grant testified on his own behalf. The questioning about which Grant complains was:

> State: How many times do you think you should be able to shoot somebody before you go to the penitentiary?
>
> Grant: Can you repeat the question?
>
> State: How many times do you think you should be able to shoot somebody before the right thing is done and you go to the penitentiary?
>
> Grant: I don't think anybody deserves to be shot—
>
> State: I didn't ask you that.
>
> Grant: --period.
>
> State: I asked you, how many times do you think you should be able to shoot somebody before this jury does the right thing and sends you to the penitentiary?

Defense counsel: I object, Your Honor. He's talking about the jury doing the right thing. And, in fact, the objection more appropriately is the question evades (sic) the province of the jury. They'll tell us. So we object to the question.

State: Judge, he's asking this jury for probation. In fact, he has told the jury he would do probation. I'm asking him simply how many times does he think he should be able to shoot somebody before he goes to the penitentiary.

Defense Counsel: Counsel has just made an argument and said this jury to do the right thing would be to send him to the penitentiary.

The Court: I'll ask the State to rephrase the question.

State: Thank you, Judge.

State: How many times do you think you should be able to shoot somebody before you go to the penitentiary? That's the question. How many times?

Grant: Do you—

Grant: Is he going to rephrase the question or what?

The Court: He did.

Grant: Can you repeat it one more time?

State: How many times do you think you should be able to shoot somebody before you go to the penitentiary?

Grant: I think none.

Grant did not object to the question after it was rephrased after his initial objection. Therefore, any objection to these questions was waived. *Fuentes*, 991 S.W.2d at 273.

*Testimony of Ripley*

Ripley was Grant's manager at Target. On cross-examination, the following questioning took place:

State: But you're going to tell those at Target that the Defendant is a good person to hire for Target.

Witness: I could recommend, yes sir.

State: Okay, let me ask you if your opinion would change if he had shot your loved one. Would your opinion change?

Defense counsel: Your Honor, I'm going to object to that. He's talking about his personal loved one. Of course. That's an improper question.

The Court: Sustained.

State: What kind of punishment, then, do you think somebody should get when they shoot somebody at least five times?

Defense counsel: Your Honor, that's an improper question. He is attempting to evade (sic) the province of the jury. It's patently improper unless he wants me to put some witnesses on in connection with that. It's an improper question.

State: Judge, I will say that my understanding is the objection that it evades (sic) the province of the jury is no longer even an objection. I don't totally understand what he's objecting to. The jury will make their decision.

Defense counsel: It is not within a witness's capacity to render judgment on this case, Your Honor.

The Court: Sustained.

Defense counsel: Your Honor, at this point I'm going to ask that the jury be instructed to disregard the inquiry.

The Court: I'll instruct the jury to disregard the last question of counsel.

Defense counsel:     We move for a mistrial, Judge.

The Court:     Denied.

The first objection to Ripley's testimony was waived due to Grant's failure to seek an adverse ruling after the trial court sustained his initial objection. *See Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Grant did, however, properly preserve his second objection and his motion for mistrial was denied. We will address the denial of the motion for mistrial below.

*Testimony of Velasquez*

Velasquez knew Grant through his step-daughter Priscilla, who was involved with Grant at the time of trial. Grant complains about the following questioning:

State:  Mr. Velasquez, would your opinion change of Derrick Grant if he had shot Priscilla five times?

Defense counsel:     Your Honor, I'm going to object to that. Again it's— Judge, would my opinion change if Melanie, if she shot me five times? Of course. It's an improper question. It plants prejudice, bias, and sympathy into the witness and into the minds of the jury. It's apparently an illegal question.

State:  It's not at all, Your Honor. I have every right to ask him that.

The Court:     I'm going to allow the question.

State:  Mr. Velasquez, would your opinion of him change?

Witness:     Yeah. I would feel just the same way I feel now.

***

State:  Okay. Would you welcome him into your family as happy father of the bride or stepfather of the bride?

Witness:   Yeah.  I feel he's a good guy.  I really do.  I mean, what I see, you know, like I said.  I don't think he's a bad guy.

State:  Would your opinion change if he abused your stepdaughter.

Witness:   Yeah.

Defense Counsel:   Same objection, Judge.   Even with the Court overruling it or sustaining.  We object to this line of inquiry, Your Honor.  It is that line of inquiry attempting to infect prejudice into these entire proceedings.

State:  I'm just trying to figure out whether this witness would have a different opinion if some of the stuff was a little bit more personal to him.  He's already testified he wasn't sitting in here and listening to the victim testify.

The Court:   I'll allow the question.

In both segments of Velasquez's testimony, Grant's objection at trial was that the testimony was unduly prejudicial.  However, on appeal, he complains that the testimony improperly sought the witness's opinion regarding what Grant's sentence should have been.  His objection on appeal does not comport with his objections at trial.  Therefore, Grant's complaint on appeal was not properly preserved.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).   Additionally, the second objection to Velasquez's testimony was not made timely because it was not made until after the question had been answered and Grant did not justify the delay.  *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).

*Testimony of Jones*

Finally, Grant complains of the following questioning of Jones, Grant's father:

State:  Let me ask you.  What do you think should happen to someone who shoots another person at least five times?

Witness:        What do I think should happen?

State:  Yeah.

Witness:        I think if the individual demonstrated they know that he had the love for the person that he had for Daisy, I think, like I said, in my opinion, he snapped. Like I said, it was wrong for what he did. Definitely wrong. But I don't think he should be jailed for 99 years or nothing like that. Everybody makes a mistake in life. They should have a chance to make that up.

State:  Surely you think he should go to the penitentiary somebody who does that?

Witness:        In my opinion?

State:  Yes. Shoots another human.

Witness:        It depends on the jury.

State:  I'm asking you. What do you think?

Witness:        No, I don't think so.

State:  Okay. You don't think he should go to prison?

Witness:        No. I'm not going to tell you to send my son to jail. I mean, that's an honest opinion.

No objection was made to any of Jones's testimony. An objection was necessary to preserve error. Any possible error to the admission of this testimony was waived because there was not a timely objection.[1] *See* TEX. R. APP. P. 33.1(a)(1)(A).

Thus, the only complaint of Grant's which was not waived is the denial of the motion for mistrial that was denied by the trial court during the testimony of Ripley.

---

[1] Because of our holding regarding preservation of error relating to Grant's complaint, we do not reach the merits of whether the substance of the questioning by the State was proper.

*Motion for Mistrial*

Mistrial is appropriate for only "highly prejudicial and incurable errors," and "may be used to end trial proceedings when faced with error so prejudicial that 'expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004); *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (*quoting Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).

The trial court promptly instructed the jury to disregard the objected-to question when requested as described above.[2] *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer."). When a trial court instructs a jury to disregard certain testimony or questions, we presume that the jury follows the trial court's instructions. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *cf. Wood*, 18 S.W.3d at 648 (noting that a trial court is required to grant a motion for mistrial only when the improper question is "clearly so prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.").

After reviewing the record, we cannot conclude that the jury did not follow the trial court's instructions to disregard the State's question. This is especially true in light

---

[2] We recognize that the "invading the province of the jury" objection made by Grant is no longer recognized as a valid objection. *See* TEX. R. EVID. 704; *Ortiz v. State*, 834 S.W.2d 343, 348 (Tex. Crim. App. 1992) ("invading the province of the jury" no longer valid objection to opinion testimony). However, the State does not raise that issue in its brief. Our holding should not be construed to express approval of the substance of Grant's objection or the propriety of the trial court sustaining the objection.

of the fact that the other objections to similar questions were not preserved and the other witnesses had actually answered the similar questions, whereas Ripley did not ever respond to the question. Further, Grant was seeking community supervision for burglarizing his ex-girlfriend's apartment and shooting her five times with their four-year-old son in the apartment. Evidence was presented during the trial regarding Grant's history of violence toward the victim. Grant was not sentenced to the maximum term or the upper range of it, nor was he sentenced anywhere close to the minimum term for this offense. We find that the trial court did not abuse its discretion in denying the motion for mistrial. We overrule issue two.

*Conclusion*

Having overruled Grant's remaining issue on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed on Remand
Opinion delivered and filed February 16, 2010
Publish
[CRPM]