

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00270-CR

**ALEX TAYLOR FORD,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 10-01413-CRF-85

---

## MEMORANDUM OPINION

---

Alex Ford was charged and convicted of the felony offense of intoxication assault. TEX. PENAL CODE ANN. § 49.07 (West 2011). Punishment was enhanced to a second degree felony because the assault was alleged to have been committed against a police officer. *Id*. § 49.09(b-1) (West Supp. 2012). Ford was sentenced to six years in prison. We affirm.

### BACKGROUND

Ford was a 21-year-old living in Houston but partying one night in College

Station in a borrowed Maserati. After going to several bars and drinking anywhere from 5 to 15 drinks, she and several acquaintances piled in the Maserati to take one of them home. Ford drove wildly. After dropping off one person, Ford and the remainder of the group decided to go to Whataburger. She was speeding, going approximately 80 miles an hour, when she approached a curve in the road and hit a police cruiser head on. The officer's hip and ankle were severely damaged. No one, however, was killed.

RETROGRADE EXTRAPOLATION

By Ford's first issue, she complains that the trial court erred in overruling her objection to the State's expert testimony of Dr. Dennis regarding retrograde extrapolation. The State contends that Ford did not preserve her complaint for review because the objection at trial was not the same as the argument made on appeal and because Ford did not continue to object each time evidence of retrograde extrapolation was offered.

As a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court. TEX. R. APP. P. 33.1(a)(1)(A). Additionally, a party's "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (point of error raised on appeal must correspond to objection made at trial); *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd). It is also necessary that the objecting party must

continue to object each time the objectionable question or evidence is offered, obtain a running objection, or request a hearing outside the jury's presence in order to preserve a complaint for appellate review. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999); *Grant*, 345 S.W.3d at 512-513.

After Dr. Dennis testified about elimination rate of alcohol and tolerance, the State asked a hypothetical question to which Ford objected. Both are set out below.

> **Q.**     I have a couple of questions that I would like to ask you. If you found—you took a woman—female that was 5-foot 2 inches tall and 110 pounds and that female began drinking at 11:30 and they drank until 1:00 or 1:30, in order for that person to be under a .08 at 3:07 in the morning, how much could they have consumed?
>
> **Objection:**   Your Honor, at this time I'm going to object to any kind of retrograde extrapolation without more showing from the State if they had—how much food was been consumed and those kind of —I mean, my understanding of the law is you've got to have a better showing than just this, Your Honor.

Ford appears to be objecting about the lack of a predicate; that is, not enough information has been presented before the hypothetical could be asked. On appeal, she complains that Dr. Dennis was not qualified to testify about retrograde extrapolation and that his testimony was neither relevant nor reliable. What Ford argues on appeal does not comport with the objection made at trial.

Further, Dr. Dennis answered more questions regarding retrograde extrapolation such as what the hypothetical female's blood alcohol concentration would be at 3:07

a.m. after drinking seven drinks between 11:30 p.m. and 1:30 a.m. and whether Dr. Dennis could conceive of a situation, after reading Ford's statement, where Ford's blood alcohol concentration would be below .08 at 3:07. Ford did not object again to the doctor's testimony in this area and did not request a running objection.

Ford's complaint about the retrograde extrapolation testimony is not preserved, and her first issue is overruled.

## PUNISHMENT EVIDENCE

In her second and third issues, Ford contends the trial court erred by admitting into evidence during the punishment phase, in violation of Texas Rules of Evidence 401 and 403, a statement made by Ford. TEX. R. EVID. 401, 403.

Zach Bimslager, a passenger with Ford before the accident, testified at punishment. He had been "bar hopping" and had asked Ford for a ride home. On the way home, Ford drove aggressively: speeding, passing people in turn lanes, and almost running red lights. It concerned him. At his house, when he and the other passengers were commenting on how Ford was driving, Ford scoffed and commented that the others were country bumpkins and that was the way people in Houston drove. Also at the house, Zach asked Ford where she got the Maserati. Ford said she was a lawyer, but Zach knew that she was not. So he asked again and she replied, "Pussy rules the world." Ford objected, prior to the completion of the statement, on the grounds that it was irrelevant and even if relevant, its probative value was substantially outweighed by

its prejudicial effect.

*Rule 401—Relevance*

At the punishment phase of a criminal trial, evidence may be presented as to any matter that the court deems relevant to sentencing, including evidence of the defendant's background or character.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2012).  Determining what is relevant is a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.  *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); *Woodward v. State*, 170 S.W.3d 726, 729 (Tex. App.—Waco 2005, pet. ref'd).

Ford had filed an application for community supervision with the trial court. The statement was relevant to show Ford's character and helpful to the jury in determining whether Ford was a good candidate for community supervision.  The trial court did not abuse its discretion in overruling Ford's Rule 401 objection, and her second issue is overruled.

*Rule 403—Probative Value vs. Unfair Prejudice*

Although relevant, evidence may still be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence.  TEX. R. APP. P. 403.  Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App.

1996). The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence are likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id*. A proper Rule 403 analysis by either the trial court or a reviewing court includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

The statement was probative of Ford's general attitude of selfishness. It took no time to develop and although an offensive word was part of the statement, it was not repeated after the trial court's ruling,[1] and was not likely to make the jury behave irrationally in its decision. The State needed this statement to show Ford's attitude and to counter the coming testimony from family and friends as to Ford's sweet nature and tender-heartedness.

After reviewing the evidence in light of the factors, we find the trial court did not abuse its discretion in overruling Ford's Rule 403 objection. Her third issue is

---

[1] The statement was referenced again several times, however, by Ford's counsel.

overruled.

## CONCLUSION

Having overruled the issues properly presented, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 20, 2012
Do not publish
[CR25]