

**NUMBER 13-12-00005-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES NELSON WILEMON,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 25th District Court
### of Lavaca County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

In a single issue, appellant, James Nelson Wilemon, challenges a judgment sentencing him to ten years imprisonment for his conviction for indecency with a child by contact, a second degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a) (West Supp. 2011). We affirm.

## I. BACKGROUND

A Lavaca County grand jury indicted appellant for the offense of aggravated sexual assault of a child. *See id.* § 22.021(a)(1)(B). Pursuant to a plea bargain, the State reduced the charge to indecency with a child, and the trial court sentenced appellant to deferred-adjudication community supervision for ten years. The State subsequently filed a motion to revoke appellant's deferred-adjudication community supervision and adjudicate guilt, alleging six separate violations of the terms of appellant's supervision. Appellant pleaded "true" to five of the six allegations. In his sole issue, appellant argues that the trial court erred in allowing the testimony of appellant's probation officer that appellant's urine tested positive for methamphetamine during the period of his supervision, a probation violation that was not included in the motion to revoke. This appeal followed.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

We review the trial court's order revoking community supervision for abuse of discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of proving that a defendant committed a violation of the terms of his supervision by preponderance of the evidence. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 637 (Tex. App.—Eastland 2008, pet. ref'd). Proof of any of the alleged violations of conditions of supervision is sufficient to support a revocation order. *Antwine*, 268 S.W.3d at 637. Generally, decisions on admitting or excluding evidence are committed to the trial court's discretion and we will not reverse absent an abuse of discretion. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). When the trial court has already adjudicated guilt and is considering a sentence, it is not limited to considering

the crimes for which the defendant was found guilty but may consider any evidence that "the court deems relevant to sentencing." TEX. CODE CRIM. PRO. ANN. art. 37.07 § 3(a)(1) (West Supp. 2011).

## B. Discussion

Appellant argues that the testimony of his probation officer about the positive urinalysis violated his due process rights because the testimony was not one of the violations of the terms of his community supervision alleged in the State's motion to adjudicate. Appellant believes that the testimony of his probation officer counteracted the positive evidence trial counsel offered about appellant's character and behavior and that the trial court would probably have imposed a lighter sentence but for the challenged testimony.

Appellant's trial counsel failed to object to this evidence at trial and, as such, did not preserve error for our review. *See Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet ref'd) (discussing the requirement of Tex. R. App. P. 33.1(a)(1)(A) that a party must timely object and obtain and adverse ruling from the trial court to preserve error on appeal); *see also Garza v. State*, No. 13-11-0076-CR, 2012 WL 1572206, at *3-4 (Tex. App.—Corpus Christi – Edinburg May 3, 2012, pet. ref'd) (ruling that appellant did not preserve error on very similar facts). Even assuming counsel had objected, we cannot conclude that permitting this testimony was error. Before the State elicited the challenged testimony, the record reveals that the trial court judge clearly stated that he had adjudicated appellant's guilt and began to consider a sentence. The law is clear that when assessing a sentence the trial court may consider evidence outside the scope of the offenses for which the defendant had been convicted. TEX. CODE CRIM. PRO. ANN. art. 37.07 § 3(a)(1). The purpose of this provision is to

3

provide the court with "all evidence deemed relevant to sentencing." *Peters v. State*, 31 S.W.3d 704, 716–17 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (internal quotation marks omitted). In sum, the trial court could properly consider the evidence of the additional probation violation even though it was unpleaded. We overrule appellant's sole issue.

## III. CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment of conviction.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
21st day of February, 2013.

4