

# NUMBER 13-12-00588-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER PETE CORTEZ,                                              **Appellant,**

**v.**

THE STATE OF TEXAS,                                                  **Appellee.**

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Christopher Pete Cortez was indicted for one count of engaging in organized criminal activity and one count of possessing with intent to deliver more than 400 grams of cocaine. *See* TEX. PENAL CODE ANN. § 71.02(a)(5) (West Supp. 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (West 2010). Cortez pleaded guilty to the drug charge, and the State abandoned the engaging in organized criminal activity charge.

No plea agreement was reached as to punishment, so a contested sentencing hearing was held. Following the hearing, the trial court imposed a twenty-five year sentence. By a single issue, Cortez contends that the trial court abused its discretion in admitting speculative testimony involving his daughters, which he claims was not relevant to the offense charged. We affirm.

## I. BACKGROUND[1]

At the sentencing hearing, Cortez elected to testify on his own behalf. The State elicited the following testimony, which Cortez now challenges on appeal:

Q. [The State]   And—but you didn't just involve yourself[,] you involved your two daughters, right?

A. [Cortez]   Yes, ma'am.

Q.   And you agree with me you placed your two daughters—who were completely innocent in this whole situation—in a very dangerous, precarious situation?

A.   Yes, ma'am.

Q.   Okay. Because—and that's because you could have been robbed by drug dealers, right?

A.   Yes, ma'am.

Q.   Okay.

[Defense Counsel]: Objection to speculation, your Honor.

THE COURT:   Overruled.

Q.   You could have become embroiled in some sort of situation with police that endangered your daughters, right?

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

A.            Yes, ma'am.

Q.            If—when Mr. Ortiz was pulled over by the police, correct?

A.            Yes, ma'am.

Q.            Okay. So he could have not stopped and ran from the police, right?

A.            Yes, ma'am.

Q.            Okay. And that could have placed your daughters in danger, right?

A.            Yes, ma'am.

Q.            But you chose for—how much did you get?

A.            A $1,000 dollars, 500.

Q.            Okay. For $1500 you chose to break the law and put your two daughters in serious harm's way, right?

A.            Yes, ma'am.

## II.     STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2011). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id.* If the trial court's decision is correct on any theory of law applicable to the case, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## III.     APPLICABLE LAW

"A timely and specific objection is required to preserve error for appeal." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a)(1)(A).

3

"An objection is timely if it is made as soon as the ground for the objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008)). "If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.* (citing *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (en banc)). There are, however, the following two exceptions to the proposition of law that a party must object each time he thinks inadmissible evidence is being offered: (1) when the party has secured a running objection on the issue he deems objectionable; or (2) when the defense counsel lodges a valid objection to all the testimony he deems objectionable on a given subject outside of the presence of the jury. *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991).

Furthermore, "'[any] error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citation omitted); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (same, and "[i]n addition, a party must object each time the inadmissible evidence is offered or obtain a running objection"); *see also Ortega v. State*, No. 13-04-393-CR, 2005 Tex. App. LEXIS 8406, at *4 (Tex. App.—Corpus Christi Oct. 13, 2005, no pet.) (mem. op., not designated for publication) ("When substantially similar evidence is subsequently admitted without objection, an appellate complaint is forfeited."). Finally, appellate arguments must correspond with the objection made at trial. *Gallo v. State* 239 S.W.3d 757, 768 (Tex. Crim. App. 2007).

## IV.   DISCUSSION

### A.   Speculation

In the present case, after agreeing that he placed his two daughters in a very dangerous situation, Cortez did not object when the State asked if that was because he "could have been robbed by drug dealers." The State's question clearly called for a speculative answer. Instead, Cortez answered, "Yes, ma'am," and only after he answered did his counsel object on the basis of speculation. This objection was not timely. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Luna*, 268 S.W.3d at 604; *Grant*, 345 S.W.3d at 512. Nothing in the record shows a legitimate reason to justify this delay. *See Dinkins*, 894 S.W.2d at 355; *Grant*, 345 S.W.3d at 512. In addition, Cortez did not request a running objection or otherwise raise any objection outside the presence of the jury regarding his placing his daughters in danger. *See Ethington*, 819 S.W.2d at 858–59. Accordingly, on this basis, we conclude error was not preserved.

In addition, immediately following the complained-of question, Cortez's counsel allowed the State to ask questions that elicited answers regarding whether Cortez placed his daughters in a potentially dangerous situation. Cortez answered all questions without objection. Thus, any error in the admission of the first question and answer was cured because the same evidence came in elsewhere without objection. *Lane*, 151 S.W.3d at 193; *see Valle*, 109 S.W.3d at 509; *see also Ortega*, 2005 Tex. App. LEXIS 8406, at *4.

### B.   Relevance

On appeal, Cortez now argues that the trial court also erred in admitting testimony involving his daughters because it was not relevant to the offense charged and was more

5

prejudicial than probative. *See* TEX. R. EVID. 402, 403. The State responds that Cortez is barred from raising these objections on appeal because he did not raise them in the trial court. We agree.

Cortez objected at trial only on the basis of speculation. He did not object on relevance or prejudice grounds. Therefore, Cortez's appellate arguments do not correspond with his objection at trial, and he has waived any complaint based on these grounds for appeal. *See Gallo*, 239 S.W.3d at 768.

## C. Summary

Because Cortez did not timely make his "speculative" objection and the same evidence came in later without objection, error, if any, was not preserved or was cured. Furthermore, his relevance argument was waived. We therefore conclude that the trial court did not abuse its discretion when it admitted the complained-of evidence. *See Martinez*, 327 S.W.3d at 736; *see also De La Paz*, 279 S.W.3d at 344. Accordingly, we overrule Cortez's sole issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2013.