**AFFIRM; Opinion Filed January 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00577-CR

**GARRY DEAN STRONER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-33918-R**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

A jury convicted Garry Dean Stroner of aggravated kidnapping and sentenced him to 35 years' imprisonment. In four issues, Stroner argues the trial court: erred by not instructing the jury on the lesser-included offense of unlawful restraint; abused its discretion by excluding evidence to establish the complainant's physical violence toward Stroner; and erred by overruling his objections to some of the State's evidence. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The complainant testified she and Stroner were married but not living together. On the night of the alleged offense, Stroner and an accomplice kicked in the complainant's door and

assaulted her; they hit and pushed her, blindfolded her, tied her hands behind her back, fondled her, and threatened to rape and kill her because she had spoken to Stroner's probation officer about his drug use. Stroner also threatened to kill her, take her with him, or leave her in her apartment in her underwear and permit men to rape her. The complainant knew Stroner owned a gun, and she felt someone press something against her temple, which she believed could be the gun. After several hours, Stroner and his accomplice left the complainant on the living room couch, blindfolded and gagged with her wrists and ankles bound.

At trial, Stroner testified he did not tie up the complainant, did not hit her, did not kick her, did not gag her, did not use a blindfold on her, did not throw her down the stairs, and did not slap her. She did not fall down the stairs, and he did not push or throw her down the stairs.

Stroner testified the complainant had kicked him out of their apartment a few days before the incident. On the night of the incident, he went to the apartment alone to retrieve his items from their apartment, but the complainant would not open the door to him. Stroner used his key to unlock the apartment door, and he broke the chain on the door. While he was inside the apartment, the complainant started hitting him and yelling at him to get out of the apartment. She kept hitting him until he grabbed her by her arms, put her in a chair, and held her until she stopped. (Stroner testified the complainant was bipolar, and that he had been instructed by the complainant's doctors that this was how he was to calm her down.) Eventually they sat together and talked about the status of their relationship. After about 90 minutes, he took his things and left the apartment.

Stroner also testified the complainant had hit him in the past and he became afraid of her after he learned she had stabbed her ex-husband with scissors.

In his first issue, Stroner argues unlawful restraint is a lesser-included offense of aggravated kidnapping, and the trial court should have instructed the jury as to that offense.

–2–

Although unlawful restraint is a lesser-included offense of aggravated kidnapping, the trial court did not err by refusing to instruct the jury on both offenses. Evidence that the defendant committed no offense does not raise the issue of a lesser-included offense. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).[1] Because Stroner's testimony was that he committed no offense and because no other evidence showed he was only guilty of unlawful restraint, the trial court did not abuse its discretion by denying his request for a jury instruction on unlawful restraint. We overrule Stroner's first issue.

In his next issue, Stroner asserts the trial court's exclusion of certain evidence deprived him of his due process right to a complete defense. As discussed above, Stroner's defense was that the complainant fabricated her story and she was the party who attacked him. His defense relied "heavily on the complainant's history of physical violence toward [Stroner] when she was mad at him." When defense counsel cross-examined the complainant, he asked the complainant whether she "ever hit him," but the trial court sustained the State's objection that the answer to the question as not relevant.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *see also Billodeau v. State*, 277 S.W.3d 34, 43 (Tex. Crim. App. 2009) (review trial court's limitation on cross-examination for

---

[1] In *Lofton*, Court of Criminal Appeals stated:

> A defendant's own testimony that he committed no offense, or testimony that otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. In *Bignall v. State*, we concluded, "if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty of a lesser-included offense, then a charge on a lesser-included offense is not required." The evidence must establish that if a defendant is guilty, he is guilty only of the lesser included offense.

*Lofton*, 45 S.W.3d at 652 (internal citations omitted).

abuse of discretion).  The trial court abuses its discretion if the decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

The defense also called the complainant as a witness because the defense wanted to "ask her about any violence towards Mr. Stroner . . . We believe that there has been a false impression put before this jury that she is the victim of domestic violence when actually she is a perpetrator of this."  The trial court allowed the defense to question the complainant about this issue.  On direct examination by the defense, the complainant was asked about a separate incident when she called the police.

> [Defense Counsel]:     Why was that [she called the police]?
>
> [Complainant]:          Because he had - - he had hit me and slammed me up against the wall, he had been doing drugs.
>
> [Defense Counsel]:     And did you hit him at all?
>
> [Complainant]:          Yes, I hit him back.
>
> [Defense Counsel]:     Did you ever hit him with a baseball bat?
>
> [Complainant]:          No.

The complainant also testified she experienced "rages" as a result of her bipolar condition and she had pleaded guilty to stabbing her ex-husband with scissors.

Assuming without deciding that the trial court erroneously excluded the complainant's initial testimony about whether she had hit Stroner, Stroner has not shown he suffered any harm. Any error, other than constitutional error, that does not affect the defendant's substantial rights must be disregarded.  TEX. R. APP. P. 44.2(b).  A substantial right is affected when, after reviewing the record as a whole, a court concludes the error had a substantial and injurious effect or influence on the outcome of the proceeding.  *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).  In assessing harm, we examine the entire record and calculate as closely as possible the probable impact of the error upon the rest of the evidence.  *Id.*

The complained-of exclusion of evidence is neither substantial nor injurious when the record is considered as a whole. The complainant testified to her history of "rages," that she had assaulted her previous husband, and that she had hit Stroner in the past. She also testified to what occurred on the night in question, as did Stroner. Based on the complainant's subsequent testimony and other evidence in the record, we conclude the trial court's initial exclusion of the complainant's testimony about whether she had been physically violent toward Stroner did not harm him. We overrule Stroner's second issue.

In his third and fourth issues, Stroner asserts the trial court erred by overruling objections to irrelevant and prejudicial evidence and by admitting four of the State's exhibits because they were irrelevant and prejudicial. Stroner argues issues three and four jointly. In his presentation of his argument, he first lays out a portion of the prosecutor's cross-examination of him. During that cross-examination, Stroner's counsel made two objections; the first objection resulted in the trial court ordering the prosecutor to rephrase the question, while the second objection was overruled.

As to the first objection, there is nothing for us to review because the trial court's ruling was not adverse to Stroner. Stroner's counsel objected to the State's line of questioning and the judge instructed the prosecutor to rephrase the question. When, in response to an objection, the State rephrases the question and no objection is made to the rephrased question, there is no adverse ruling to complain about on appeal. *See Grant v. State,* 345 S.W.3d 509, 512-13 (Tex. App.—Waco 2011, pet. ref'd) (citing *Badall v. State*, 216 S.W.3d 865, 872 (Tex. App.—Beaumont 2007, pet. ref'd)).

As to the second objection, the State asked Stroner:

Okay. So are you being as truthful about the fact that you didn't gather information about everyone that was in this courtroom so that you could figure out how to present yourself to them and appear more truthful?

Stroner's counsel objected that the inquiry was not relevant, and the trial court overruled the objection. The question to which Stroner objects on appeal was part of the State's inquiry on cross-examination about whether Stroner had "gathered information about people that were going to be involved in hearing [his] case" prior to trial, including the judge. Stroner testified he had gathered information because he "wanted to know who was going to be here," although he denied the reason was to determine how to present himself to the jury.

Cross-examination allows the jury to assess the credibility of the witness and allow facts to be brought out tending to discredit the witness by showing that his testimony is untrue, prejudiced, or biased. *Hammer v. State*, 296 S.W.3d 55, 561 (Tex. Crim. App. 2009). The scope of proper cross-examination is broad: "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." TEX. R. EVID. 611(b). The question about which Stroner complains was relevant to show Stroner's credibility, and the State was entitled to attempt to discredit Stroner's testimony by showing it was untrue. We cannot say the trial court abused its discretion by overruling Stroner's objection.

Finally, Stroner purports to challenge the admission of four of the State's exhibits, which were recordings of jailhouse phone calls made by Stroner. However, in his brief he only addresses one of the phone calls, which made up part of State's Exhibit 3. Therefore, he has waived any complaint as to the admission of any calls recorded in Exhibits 4, 5, and 6. *See* TEX. R. APP. P. 38.1.

The call recorded in State's Exhibit 3 was made on March 17, 2012 (at 12:35:09 PM). In it Stroner asks about the trial court judge. When the State moved to admit State's Exhibit 3 "for all purposes," rather than just for record purposes, Stroner's counsel requested a bench conference, which was not reported by the court reporter. The trial court then stated that State's

Exhibit 3 would be admitted for all purposes and Stroner's counsel stated: "Your Honor, I renew my objection to the ones admitted." The objection was overruled.

After reviewing the record several times, we are unable to determine on what basis Stroner objected to State's Exhibit 3. Stroner had the burden to provide us with an appellate record sufficient to resolve the dispute he presents. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) (citing *Guajardo v. State*, 109 S.W.3d 456, 462, n.17 (Tex. Crim. App. 2003)). Because he failed to do so, we are unable to determine the grounds on which Stroner's counsel objected to State's Exhibit 3 at the trial court and, therefore, we unable to resolve his complaint on appeal.

We overrule Stroner's third and fourth issues.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120577F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARRY DEAN STRONER, Appellant

No. 05-12-00577-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-33918-R.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of January, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE