**Affirmed and Memorandum Opinion filed November 18, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00357-CR

**AZUBUINE ESIABA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Co. Crim. Ct. at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 1862218**

## M E M O R A N D U M   O P I N I O N

Appellant Azubuine Esiaba was convicted by a jury of misdemeanor assault of a family member. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2014); Tex. Fam. Code Ann. § 71.0021(b) (West 2014). In a single issue on appeal, appellant contends that the trial court erred when it overruled his objection to the State's questioning during voir dire. Appellant objected on the grounds that the State's questioning amounted to an improper commitment question under *Standefer v.*

*State*, 59 S.W.3d 177 (Tex. Crim. App. 2001). Because appellant failed to preserve the error for review, we affirm.

Preservation of error is a systemic requirement on appeal. *Bekendam v. State*, — S.W.3d —, No. PD-0452-13, 2014 WL 4627275, at *4 (Tex. Crim. App. Sep. 17, 2014). "[A] court of appeals should review preservation of error regardless of whether the issue was raised by the parties." *Id.* Therefore, despite the fact that neither party raised the issue, we must determine whether appellant preserved the alleged error for review.

A defendant's failure to timely object to an alleged error waives the complaint on appeal. *See* Tex. R. App. P. 33.1(a). To be timely, the objection must be made at the earliest opportunity. *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Additionally, in order to preserve the complaint for appellate review, the objecting party must (1) continue to object each time the objectionable question or evidence is offered, (2) obtain a running objection, or (3) request a hearing outside the jury's presence. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). "When, in response to an objection, the State rephrases the question and no objection is made to the rephrased question, there is no adverse ruling to complain about on appeal." *Grant v. State*, 345 S.W.3d 509, 513 (Tex. App.—Waco 2011, pet ref'd); *see, e.g.*, *Williams v. State*, No. 14-11-00148-CR, 2013 WL 1187426, at *2 (Tex. App.—Houston [14th Dist.] March 21, 2013, no pet.) (not designated for publication) (citing *Grant*).

Here, the State asked the following question:

Is there anyone on the first row who absolutely has to see pictures or see some video, something tangible other than someone saying, Ouch, that hurt?

2

Appellant's counsel objected, arguing that the State's question was an improper commitment question. The trial court overruled the objection and explained that the State was trying to ask a question regarding the one-witness rule. The following exchange then took place:

> [STATE]: So, kind of just to reiterate the question again: Is there anyone who absolutely needs some sort of physical - - a picture or anything? Anyone on the first row?
>
> PROSPECTIVE JUROR: It kind of goes back to the pain thing. I mean, because you don't know how, you know that person really felt, it helps to have some proof other than just what they said.
>
> [STATE]: But let's say that there was someone who testified and they testified to all the elements and you believe them beyond a reasonable doubt but all you had to go on was that they told you, would you be able to find a person guilty?
>
> PROSPECTIVE JUROR: Yes.
>
> [STATE]: Okay. Anyone disagree, that they would not be able to find a person guilty based just on the testimony of someone who you found to be credible and who was able to talk about all of the elements? All right [sic]. Let's move on. . . .

Appellant did not object after the State rephrased its question. Therefore, appellant did not preserve his complaint for appeal. *See Grant*, 345 S.W.3d at 513.

Accordingly, we overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/     Marc W. Brown
            Justice


Panel consists of Justices McCally, Brown, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).