

# IN THE
## TENTH COURT OF APPEALS

———————————

### No. 10-14-00218-CR

**RAFAEL SUAREZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

———————————

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 9279**

———————————

## MEMORANDUM OPINION

———————————

Rafael Suarez was convicted of continuous sexual abuse of a child under 14 years

of age and sentenced to 60 years in prison. *See* TEX. PENAL CODE ANN. § 21.02 (West

2011). The victim of Suarez's abuse was his daughter, M.S. When M.S. began to act out

and began cutting herself, her teachers asked her mother to take M.S. for a mental

evaluation. While being evaluated for suicidal behavior, M.S. made an outcry that

Suarez had been sexually abusing her.[1]  Because no reversible error is presented on appeal, the trial court's judgment is affirmed.

**PUBLIC TRIAL**

In his first issue, Suarez contends he was denied, without justification, his Sixth Amendment right to a public trial.  The Sixth Amendment of the United States Constitution guarantees the right to a public trial in all criminal prosecutions.  U.S. Const. amend. VI.  The State, however, contends Suarez's issue is not preserved because Suarez did not receive an adverse ruling or a denial of his request for a public trial.

About 30 minutes before the lunch-time recess on the first day of trial, Suarez brought to the attention of the trial court that members of Suarez's family had been excluded from the morning's proceedings because court was already in session when they arrived.  The trial court brought in any persons who had been outside the courtroom and explained that the courtroom was open but that there were certain rules to follow, such as no cell phones, no picture taking, no recordings, and no overt facial remarks toward any of the witnesses.  No further complaint by Suarez about the way the trial court remedied the situation was made.  The next day, Suarez asked to make a record regarding the previous day's exclusion.  He was allowed to do so, but again, no complaint was made about the way the trial court had remedied the situation.

---

[1] Because Suarez does not raise an issue regarding the sufficiency of the evidence to prove he committed the offense, no further discussion of the surrounding facts is necessary.

A complaint that a defendant's right to a public trial was violated is subject to forfeiture. *Peyronel v. State*, No. PD-1274-14, 2015 Tex. Crim. App. LEXIS 708, *6 (Tex. Crim. App. June 24, 2015). An appellant is not required to use "magic language" to preserve his public-trial complaint for review, but has the burden to "state[] the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Id*. *8-9 (quoting TEX. R. APP. P. 33.1). Further, a party must also receive an adverse ruling to preserve error for purposes of appeal. *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd).

Here, Suarez's complaint about the exclusion of some family members to the morning's proceedings was immediately remedied by the trial court. Suarez did not press the issue and request a mistrial or any other relief for an alleged violation of his Sixth Amendment right to a public trial. Accordingly, Suarez's first issue on appeal is not preserved and is overruled.

TRUTHFULNESS OF WITNESS

In his second issue, Suarez complains that the trial court erred in permitting the State's outcry witness to improperly bolster the credibility of M.S. by testifying as to her truthfulness. The State asserts Suarez opened the door to the testimony provided and is thus, admissible.

On cross-examination of the State's outcry witness, Steven Bond, Suarez asked a series of questions to show that even if Bond did not believe M.S.'s outcry of sexual abuse, Bond was automatically going to report the outcry to Child Protective Services or face fines or criminal charges. When the State then asked Bond on re-direct whether Bond was making the call to CPS because he was required to do so or whether, based on his assessment of M.S., he believed something had happened to her, Suarez objected. The State argued that Suarez opened the door when he tried to suggest through cross-examination that the only reason Bond made the call was to avoid being charged with a misdemeanor offense for failing to report the outcry. The trial court overruled Suarez's objection. Bond then testified that based on his assessment of M.S., he believed something had happened to M.S.

The decision to admit evidence is within the discretion of the trial court. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982). Generally, a direct opinion on the truthfulness of a child, from either a lay witness or an expert witness, is inadmissible. *See Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993); *Dauben v. State*, No. 10-13-00044-CR, 2014 Tex. App. LEXIS 6040, *4 (Tex. App.—Waco June 5, 2014, pet. ref'd) (not designated for

publication). However, otherwise inadmissible evidence may be admitted if the party against whom the evidence is offered "opens the door;" but the party offering the evidence may not "stray beyond the scope of the invitation." *Schutz*, 957 S.W.2d at 71 (Tex. Crim. App. 1997) (quoting *Bush v. State*, 773 S.W.2d 297, 301 (Tex. Crim. App. 1989)); *McClenton v. State*, 167 S.W.3d 86, 94 (Tex. App.—Waco 2005, no pet.).

Assuming without deciding Bond made a direct opinion on M.S.'s truthfulness that she was sexually assaulted by Suarez, based on the questions asked and testimony elicited on cross-examination, Suarez opened the door for the State to rebut whether Bond made the call to CPS to avoid being fined or charged with a crime. Further, the rebuttal did not exceed the scope of Suarez's invitation. Accordingly, the trial court did not abuse its discretion in overruling Suarez's objection; and Suarez's second issue is overruled.

### HEARSAY/CONFRONTATION

Suarez next argues that the trial court erred in admitting hearsay evidence of an alleged recantation letter M.S.'s grandmother asked M.S. to write; and in doing so, denied Suarez his Sixth Amendment right to confront witnesses against him. Suarez only objected as to the hearsay nature of the testimony. He did not object based on a violation of his right of confrontation; thus his Confrontation Clause argument is waived. *See* TEX. R. APP. P. 33.1(a); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve error on Confrontation

Clause grounds); *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (Confrontation Clause argument waived by failing to object on that basis). Suarez's third issue is overruled.

## STRIKE OVER THE SHOULDER

Suarez contends in his fourth issue that the trial court erred in allowing the prosecutor to "strike the defendant over the shoulder of his defense counsel." Suarez cites to many un-objected to instances during the trial where he alleges the prosecutor accused Suarez's counsel of bad faith. He also seems to argue in this issue that these instances would support a finding that the trial court erred in overruling Suarez's pre-trial motion to recuse the prosecutor. The State asserts this is a multifarious issue and should be overruled.

An issue is multifarious when it raises more than one specific complaint, and we are permitted to reject multifarious issues on that basis alone. *Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010); *Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000). We agree with the State that Suarez's fourth issue is multifarious, and we reject his issue on that basis alone. Accordingly, Suarez's fourth issue is overruled.

## SUFFICIENCY OF INDICTMENT

By his fifth issue, Suarez requests that we review the sufficiency of the evidence to support the grand jury's decision to indict Suarez. Suarez argues there was no evidence of probable cause presented to the grand jury. It has long been the rule that an

appellate court should not go behind the actions of the grand jury to determine the sufficiency or adequacy of the evidence to justify the return of an indictment. *Dean v. State*, 749 S.W.2d 80, 82 (Tex. Crim. App. 1988). We decline Suarez's invitation to bypass this rule. Suarez's fifth issue is overruled.

**GRAND JURY TESTIMONY**

In his sixth, and final, issue, Suarez complains that the trial court admitted the entire grand jury testimony into evidence over Suarez's objection. There was a great deal of confusion in the record as to what was offered into evidence and what was admitted. Ultimately, the record indicates Suarez wanted the trial court to admit the transcript of the grand jury testimony with some redactions. The State objected to the admission of any of the grand jury testimony, even with the redactions. The trial court sustained the State's objection. The grand jury testimony was never admitted before the jury.[2] Accordingly, Suarez's sixth issue is overruled.

**CONCLUSION**

Having overruled each issue raised on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

---

[2] It was admitted in a pretrial hearing for the purposes of that hearing which was conducted outside the presence of the jury.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
Do not publish
[CRPM]

