**Affirmed and Opinion filed March 10, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01090-CR

**ALPHONSO MORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1329335**

# O P I N I O N

Appellant Alphonso Morris challenges his conviction for credit-card abuse. We consider whether his conviction is supported by sufficient evidence, whether a recording of a telephone call between appellant and a police officer was properly authenticated, and whether appellant waived his improper-jury argument complaint by failing to object in the trial court. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The complainant accidentally dropped her credit card at a Houston gas station. She quickly discovered what had happened and reported her credit card as missing. The complainant's banking institution informed her that the credit card had been used to make purchases at an electronics and appliance store. The complainant filed a police report.

Officer Jason Meredith went to the store to investigate. The unauthorized purchases included a videogame console, a videogame, and a two-year warranty for the videogame console. To obtain the warranty, appellant provided the store a name and contact information that the store could use to confirm the purchase of the warranty in the event that appellant invoked it. Appellant provided an address of 1219 Alberta Street. Officer Meredith did not find that address in his system, but noted 1219 Elberta Street matched appellant's address. Officer Meredith then dialed the phone number appellant provided for the purchase of the warranty and asked for appellant. The individual who answered identified herself as appellant's fiancée and provided Officer Meredith with a telephone number to reach appellant. Officer Meredith dialed the number and the individual who answered the phone identified himself as appellant. Appellant confessed to using a credit card he found at the gas station to purchase a videogame console, a videogame, and the warranty.

Appellant was arrested and indicted for credit-card abuse. He pleaded "not guilty" and exercised his right to a trial by jury. The jury found appellant guilty as charged and sentenced him to thirty months' confinement and a $1,000 fine.

# II. ISSUES AND ANALYSIS

Appellant challenges (1) the sufficiency of the evidence, (2) the admission into evidence of recordings of two telephone conversations, and (3) the propriety

of the State's jury argument.

## A. Sufficiency of the Evidence

Appellant contends that the evidence is legally insufficient to prove he committed the offense of credit-card abuse. In particular, he asserts that there is no evidence he spoke with Officer Meredith and confessed to committing the crime.

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

We judge sufficiency of the evidence by evaluating all the evidence that the trial court permitted the jury to consider, including erroneously admitted evidence. *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004). A defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt

absent independent evidence of the *corpus delicti*. *Carrizales v. State*, 414 S.W.3d 737, 743 (Tex. Crim. App. 2013). The *corpus delicti* doctrine requires that evidence independent of a defendant's extrajudicial confession show that the "essential nature" of the charged crime was committed by someone. *Id.*

Texas Penal Code Section 32.31, entitled "Credit Card or Debit Card Abuse," provides, in relevant part, that:

> (b) A person commits an offense if:
>> (1) with intent to obtain a benefit fraudulently, he presents or uses a credit card or debit card with knowledge that:
>>> (A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; or
>>> (B) the card has expired or has been revoked or cancelled.

Tex. Penal Code Ann. § 32.31 (West, Westlaw through 2013 3d C.S.). To establish the offense of credit-card abuse, the State had to prove beyond a reasonable doubt that appellant, with the intent to obtain a benefit fraudulently, presented or used the complainant's credit card with the knowledge that the card was not issued to appellant and was used without the complainant's effective consent. *See id.*; *Long v. State*, 245 S.W.3d 563, 568 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The State presented evidence that:

- The complainant lost her credit card at a gas station.
- Shortly thereafter, the credit card was used to purchase a videogame console, a videogame, and a warranty from a local store.
- The purchase was recorded on the store's video monitoring system. By matching the time on the purchase receipts to the timing on the video monitoring system, the store manager was able to isolate video footage of the purchases made with the complainant's credit card. The store

4

manager testified that appellant was the individual in the video making the purchases with the credit card. The manager identified appellant in court and stated he recognized appellant because the incident was vivid and the manager had used it as a teaching moment to instruct his employee how to properly verify a purchaser's identity.

- Appellant listed his as address 1219 Alberta when he signed up for the warranty. Appellant listed his address as 1219 Elberta on his bonding paperwork.

- Appellant listed a phone number when he signed up for the warranty; when Officer Meredith called that number, a woman answered who claimed to be appellant's fiancée. The woman provided Officer Meredith with appellant's telephone number.

- Officer Meredith called the telephone number given to him by appellant's fiancée. Appellant answered the phone and stated that he was appellant. Appellant seemed to understand Officer Meredith's questions about the videogame console. Appellant initially stated that he bought the videogame console off the street before admitting that he purchased it at a store with a credit card he found at the gas station. When asked to identify the store at which he made the purchases, appellant identified the store where the credit card was used.

- Appellant listed the number that Officer Meredith called as his phone number on his bonding paperwork and pretrial supervision order.

- Appellant later contacted Officer Meredith and provided his address, birthday, driver's license number and social security number to confirm his identity. Appellant appeared familiar with the prior conversation. Appellant again confessed to purchasing the videogame console, the videogame, and the warranty with a credit card he found at the gas station. Appellant stated he did not have permission to use the card.

Appellant argues that the evidence is insufficient because there is no proof appellant committed the offense.[1] We conclude the evidence is sufficient to allow rational jurors to determine, beyond a reasonable doubt, that appellant committed

---

[1] Although appellant argues that the telephone call should not have been admitted into evidence, we consider the call for the purposes of determining whether the State presented sufficient evidence of appellant's guilt. *See Moff*, 131 S.W.3d at 489–90. We address whether the call was admitted erroneously in the analysis of appellant's second issue.

credit-card abuse. *See Matson*, 819 S.W.2d at 846. The evidence is sufficient for the jury to have determined that appellant confessed to committing the crime over the phone. Appellant confirmed his identity when Officer Meredith called him the first time. Appellant later called Officer Meredith and provided his social security number. Appellant used the same phone number on his bonding paperwork and pretrial supervision order. This evidence is sufficient for rational jurors to have concluded, beyond a reasonable doubt, that appellant confessed to the credit-card abuse. Appellant's extrajudicial confession was supported by independent evidence of the *corpus delicti*. The complainant testified that a purchase was made with her credit card and that she did not authorize the purchase.

In addition to appellant's extrajudicial confession, the State introduced security video footage of appellant making the purchase, and the store manager testified that appellant was the individual purchasing the items in the surveillance video. The address provided for the warranty was similar to appellant's address and when Officer Meredith dialed the phone number provided to obtain the warranty, he reached a woman who identified herself as appellant's fiancée and provided appellant's phone number. The evidence is sufficient for rational jurors to have concluded, beyond a reasonable doubt, that appellant committed the offense. *See Long*, 245 S.W.3d at 568. Appellant's first issue is overruled.

### B. Authentication of the Telephone Calls

Appellant asserts that the trial court abused its discretion in admitting into evidence recordings of the telephone calls between Officer Meredith and appellant because the telephone calls were not sufficiently authenticated. We review a trial court's admission of evidence for abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Texas Rule of Evidence 901 governs the admission of electronic recordings. *See* Tex. R. Evid. 901. This rule, entitled

6

"Requirement of Authentication or Identification," provides:

**(a) General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

**(b) Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . .

(6) *Telephone conversations.* Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if:

(A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called; or

(B) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.

Tex. R. Evid. 901.

Rule 901(a) requires the State to introduce evidence sufficient to support a finding that the recordings of telephone calls offered into evidence were calls between Officer Meredith and appellant. *See* Tex. R. Evid. 901(a); *Stapleton v. State*, 868 S.W.2d 781, 783 (Tex. Crim. App. 1993).

The State offered recordings of two telephone conversations into evidence. In the first, appellant confirmed his identity. In the second, appellant offered identifying information. Officer Meredith testified that he placed the first phone call to a number provided by a woman who claimed to be appellant's fiancée. Appellant used this same number on his pre-trial bond forms. Appellant answered the phone and confirmed his identity. Appellant also volunteered that he stole the videogame console from the store where the complainant's credit card was used to buy that item, among others. The second recording captures a telephone

7

conversation that resulted from appellant contacting Officer Meredith. During that call, appellant provided identifying information, including appellant's social security number. Appellant again confessed his involvement in the credit-card purchases and provided details about the transactions.

Although this testimony did not strictly match the illustration for authenticating a telephone call offered in Rule 901(b)(6)(A), Rule 901(b) specifically provides that the illustrations do not limit the general provision in Rule 901(a). *See Mosley v. State*, 355 S.W.3d 59, 69 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Alternate means of authenticating the identity of a telephone caller include self-identification of the caller coupled with additional evidence such as the context and timing of the telephone call, the contents of the statements made during the telephone call, internal patterns and other distinctive characteristics, and disclosure of knowledge and facts known particularly to the caller. *See id.* The State presented documentation that showed the telephone number Officer Meredith dialed to make the first telephone call was the same number appellant listed as his own, and in the second telephone conversation, appellant provided Officer Meredith with identifying information such as his social security number. On this record, we conclude that the State presented sufficient evidence for the jurors to make a finding that the individual speaking to Officer Meredith in the phone calls was appellant. *See Banargent v. State*, 228 S.W.3d 393, 401 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Accordingly, the trial court did not abuse its discretion in allowing evidence of the telephone calls. *See id.*; *Mosley*, 355 S.W.3d at 69. Appellant's second issue is overruled.

### C. Jury Argument

In his third issue, appellant asserts that the State's closing argument amounted to fundamental error that deprived him the right to a fair trial. During

closing argument, the State argued that the jury could not allow appellant to dodge responsibility for his bad decisions because those who fail to take responsibility for bad decisions make the same bad decisions repeatedly. Appellant asserts this argument amounted to fundamental error because it suggested that appellant had committed the same crime repeatedly and that appellant should be convicted because he is a criminal.

Appellant admits that he did not preserve error on this objection by voicing the complaint in the trial court and obtaining a ruling. Appellant, however, argues that the jury argument is incurable fundamental error. Even if the State's argument were incurable and rose to the level that it deprived appellant of his right to due process of law, appellant waived this complaint by failing to object in the trial court. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Because he did not preserve error, appellant has waived his complaint. *See id.*; *Mason v. State*, 416 S.W.3d 720, 737 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) *cert. denied*, No. 14-7222, 2015 WL 303288 (U.S. Jan. 26, 2015). We overrule appellant's third issue.

### III.  CONCLUSION

Appellant's conviction is supported by sufficient evidence.  The trial court did not abuse its discretion in admitting evidence of two recordings of telephone conversations.  Appellant did not preserve error on his jury-argument complaint.

The judgment of the trial court is affirmed.


/s/          Kem Thompson Frost
             Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Publish — TEX. R. APP. P. 47.2(b).