

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00067-CR

**CHRISTOPHER DAVID HARVEY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2013-840-C1

## MEMORANDUM OPINION

In two issues, appellant, Christopher David Harvey, challenges his conviction for assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014). Specifically, Harvey challenges the sufficiency of the evidence supporting his conviction and argues that the State committed reversible error by repeatedly stating that he is a "rapist" during the punishment phase of trial. Because we conclude that the evidence is

sufficient to support Harvey's conviction, and because Harvey waived his complaint about the State's argument during the punishment phase, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

In his first issue, Harvey contends that the evidence supporting his conviction is insufficient because the testimony at trial failed to show that the officer's injury was caused by his conduct. We disagree.

### A. Standard of Review & Applicable Law

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*,

443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

B.      Facts

On the evening of April 9, 2013, McLennan County Deputy Sheriff Rebecca Mabry and her partner, Deputy Brent Ewing, attempted to serve a felony warrant on Harvey. They first went to Harvey's home address, but he was not there. The deputies then received information that Harvey likely was at the residence of Rebekah Rosario. The deputies proceeded to Rosario's residence. After obtaining Rosario's consent to search the residence, the deputies found Harvey inside sitting on a couch. At this point, one of

the deputies told Harvey to stand up, turn around, and put his hands behind his back because he was under arrest. As the deputies attempted to handcuff him, Harvey decided to run. Deputy Mabry described the scene as follows:

> He changed his mind and decided he was gonna [sic] run—
>
> . . .
>
> --before I could get the cuff on.
>
> . . .
>
> He quickly kind of elbowed me, and when he did I tried to hold tighter. So then it kind of got into a struggle and he pushed me against the door frame. We were by the door so he pushed me against the door frame and I fell, and then that's when he got free and he bolted.

When asked what happened when the deputies tried to handcuff Harvey, Deputy Ewing corroborated Deputy Mabry's testimony by stating the following:

> At that point in time he started to spin around. I felt him start to move, and I had him kind of by fingers in a hold like this to try to cuff him. And as he started to move around he hit Deputy Mabry with his shoulder. . . . That knocked her to the ground.
>
> . . . .
>
> Yeah, he would have had to do that intentionally, 'cause that's the only way he could have made the escape that he was doing from the house.

Later, Deputy Mabry discovered that the fall had caused a minor scrape on her knee that she described as "painful." Deputy Ewing testified that he did not observe a scrape on Deputy Mabry's knee prior to the incident and that he believed that the scrape was a result of the altercation with Harvey.

Thereafter, Harvey called Rosario to testify on his behalf. Appearing in jail clothing and admitting that she was serving time for drug possession, Rosario testified that she had a good view of the incident and that Harvey leapt past the deputies and ran away.[1] According to Rosario, Harvey "did not have any contact with anybody. He literally just kind of left out the front door, and he didn't even run down the steps. He jumped off the steps."

## C.    Discussion

On appeal, Harvey asserts that the trial testimony failed to show that Deputy Mabry's injury was caused by his conduct. The Texas Court of Criminal Appeals has broadly interpreted the definition of bodily injury to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Moreover, it is important to note that Harvey was charged by indictment with assault against a public servant, *see* TEX. PENAL CODE ANN. § 22.01(b)(1), and that an assault against a public servant is a result-oriented offense. *Brooks v. State*, 967 S.W.2d 946, 950 (Tex. App.—Austin 1998, no pet.); *see Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012). Therefore, the focus is on the result of the defendant's action and his culpable mental state, not on the precise act or the nature

---

[1] On cross-examination, Rosario acknowledged that, in addition to drug possession, she had also engaged in theft by check. Rosario further testified that Harvey comes by often and that he is close with Rosario's son. Additionally, Rosario's statement that she could clearly observe the incident was undermined by Deputy Ewing, who noted that Rosario's view was likely obscured from where she was standing.

of the conduct committed by the defendant.  *See Johnson*, 364 S.W.3d at 298; *Brooks*, 967 S.W.2d at 950.

Here, Deputy Mabry testified that, in his attempt to flee the deputies, Harvey pushed her to the floor, which resulted in a scraped knee that was "painful."  *See Wingfield v. State*, 282 S.W.3d 102, 105 (Tex. App.—Fort Worth 2009, pet. ref'd) (noting that "a jury may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it" (citing *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.))); *see also Wawrykow v. State*, 866 S.W.2d 87, 88-89 (Tex. App.—Beaumont 1993, pet. ref'd) (determining that a rational jury could have inferred that pushes to the chest caused "physical pain"); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (stating that people of common intelligence understand what naturally causes pain).  This testimony is sufficient for the jury to infer that Deputy Mabry suffered physical pain as a result of Harvey's conduct.

Therefore, because the focus of the inquiry is on the result of Harvey's conduct, we conclude that the State adduced sufficient evidence to demonstrate that Harvey knowingly or intentionally caused bodily injury to Deputy Mabry's knee.  *See* TEX. PENAL CODE ANN. § 22.01(b)(1); *Johnson*, 364 S.W.3d at 298; *Brooks*, 967 S.W.2d at 950; *see also Lucio*, 351 S.W.3d at 894.  Accordingly, we overrule Harvey's first issue.

## II. THE STATE'S PUNISHMENT ARGUMENT

In his second issue, Harvey asserts that the State committed reversible error by repeatedly stating to the jury during the punishment phase of trial that he had raped a sixteen-year-old girl.

During the punishment phase of trial, the State introduced evidence of Harvey's prior criminal convictions—one of which was for second-degree-felony sexual assault. At various times during argument, the State referred to Harvey as a "rapist" or as someone who "raped a 16-year-old." However, Harvey did not object to any of these instances.

Texas courts have held that a "defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010) ("[W]e will not review the propriety of the prosecutor's arguments, [when] appellant failed to object to those arguments at trial."); *Morris v. State*, 460 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Freeman v. State*, No. 11-13-00232-CR, 2015 Tex. App. LEXIS 8515, at *10 (Tex. App.—Eastland Aug. 13, 2015, no pet. h.) (mem. op., not designated for publication). Therefore, because Harvey failed to object to the references made in the State's argument, we conclude that Harvey has forfeited his right to complain about this issue on appeal. *See* TEX. R. APP. P. 33.1; *Mays*, 318 S.W.3d at 394;

*Cockrell*, 933 S.W.2d at 89; *Morris*, 460 S.W.3d at 197; *see also Freeman*, 2015 Tex. App. LEXIS 8515, at *10.

Nevertheless, despite the general rule regarding preservation, Harvey urges this Court to apply the *Almanza* egregious-harm standard to jury-argument complaints. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). This is essentially a fundamental-error argument, which can be waived by failure to object in the trial court. *See Mays*, 318 S.W.3d at 393-94 (concluding that appellant failed to preserve his complaints about "a series of egregiously improper remarks" by not objecting to those arguments at trial); *Morris*, 460 S.W.3d at 197 ("Appellant, however, argues that the jury argument is incurable fundamental error. Even if the State's arguments were incurable and rose to the level that it deprived appellant of his right to due process of law, appellant waived this complaint by failing to object in the trial court."); *see also Freeman*, 2015 Tex. App. LEXIS 8515, at *10 ("Even if the State's arguments were incurable and rose to the level that they deprived Appellant of her right to due process of law, Appellant waived her complaints by failing to object in the trial court."). Therefore, we are not persuaded by Harvey's argument regarding the application of *Almanza*. Based on the foregoing, we overrule Harvey's second issue.

## III.   CONCLUSION

Having overruled both of Harvey's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 17, 2015
Do not publish
[CRPM]

