**Affirmed as Modified and Opinion Filed July 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00659-CR

**DAVE ESTER NEWMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1630710-N**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Whitehill

A jury convicted appellant of aggravated robbery. He pled true to an enhancement and the jury assessed punishment at thirty years imprisonment.

In four issues, appellant argues that (i) the evidence is insufficient to support his conviction; (ii) the trial court erred by admitting evidence of his jail calls because the evidence was not authenticated; and (iii) the judgment should be reformed to reflect the statutory reference for enhancement, that he pled true to the enhancement, and the jury found it true.

We conclude the evidence is sufficient to support the conviction. Among other things, appellant's DNA matched items recovered at the scene and his fingerprints matched those found on the stolen car. The jail calls were properly authenticated, because there was sufficient evidence to establish that the calls were what they purported to be. As to modifying the judgment, the

statutory reference to enhancement is not required, but we modify the judgment to reflect that appellant pled true to the enhancement and the jury found it true. As modified, we affirm the trial court's judgment.

## I. BACKGROUND

A man jumped into Luis Diaz's car, threatened him with a knife, beat him, and stole the car. Appellant's DNA matched the DNA on a beer can and a cigarette butt recovered at the scene, and his fingerprints matched the fingerprints lifted from the vehicle. Appellant also made calls from the jail in which he said he had gotten into a fight with someone, was in a lot of trouble, and would have to come up with a good story.

A jury found appellant guilty of aggravated robbery, found an enhancement true, and assessed punishment at thirty years imprisonment.

## II. Analysis

**A. First Issue: Is the evidence sufficient to support the conviction?**

Appellant's first issue argues the evidence is insufficient to support his conviction because it does not prove he was the person who committed the robbery. We disagree.

We review the sufficiency of the evidence to support a conviction by viewing all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

This standard gives full play to the fact finder's responsibility to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). And the fact finder is the sole judge of the evidence's weight and credibility. *See* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

–2–

Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in the verdict's favor and defer to that resolution. *Id.* at 448–49. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170; *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

To establish that appellant committed aggravated robbery under the facts of this case, the State was required to prove that appellant committed robbery while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE §29.03(a)(2). As relevant here, a person commits robbery if he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death while in the course of committing theft. *Id*. §29.02(a)(2).

The evidence established that Luis Diaz was stopped at a red light with his windows rolled down when a man drinking a beer and smoking a cigarette jumped in his car. Diaz was nervous, scared, and feared for his life. The man told him to turn left, but Diaz turned right toward a court building he had seen previously.

When Diaz pulled into the parking lot, the man pulled out a knife, grabbed the steering wheel, and hit Diaz. The man cut him under the chin with the knife. Diaz knocked the knife away but the man jumped into the front seat and hit him in the face. Diaz took off his seatbelt and got out. When Diaz threw himself out of the car, the man jumped on top of him and dropped the beer he had been drinking. The man then stole Diaz's car. But before the man left, he did something to Diaz's ears that left him unconscious for about three minutes.

–3–

Christopher Orozco testified that he was sitting at a stoplight when he saw a blue Nissan Altima coming out of the municipal court area and make a sharp turn. There was a Hispanic man half inside and half outside the vehicle trying to get it back. A black man was inside the vehicle hitting the Hispanic man several times "with an object." Orozco called 911. The black man pushed the Hispanic man out of the car and the Hispanic man rolled onto the concrete. The black man jumped into the driver's seat of the car and took off. Orozco helped the Hispanic man on the ground, who said, "hey, my car, my car. He took my car." Orozco could not be "one hundred percent positive" that the object he saw in the black man's hand was a knife.

When the police arrived, Diaz was sitting on the side of the road covered in blood. He had abrasions and bruising on his face, bleeding from his ear, a cut on his chin, and road rash on his arm.

The police recovered a brown paper bag, a beer can, and a cigarette butt at the scene. The police also put a ping on Diaz's cell phone, which was in the car. The car was found abandoned in an alleyway later that evening.

Latent fingerprints were lifted from the front driver and passenger exterior of Diaz's car. Fingerprint examiner Amanda Self identified the prints as appellant's palm print. Self also developed a latent print from the brown paper bag and identified it as appellant's right ring fingerprint.

The beer can and cigarette butt were sent to the Southwestern Institute of Forensic Sciences for testing. The DNA analyst testified that appellant's DNA profile matched the DNA samples taken from the cigarette butt and the beer can. According to the analyst, only one in 3.81 trillion persons would have that DNA profile.

Detective David McCoy spoke to appellant when he executed the DNA search warrant. He later obtained a list of calls appellant made from jail and the recordings from those calls. In

those calls, appellant said he had been in a fight with someone near a courtroom, was in a lot of trouble, and would have to come up with a good story.

Appellant points to the fact that neither Diaz nor Orozco could identify him in a line-up, and no other witnesses placed him at the scene. But viewing all of the evidence in a light most favorable to the verdict, including Diaz's and Orozco's testimony, the fingerprint and DNA evidence, and appellant's jail calls, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was guilty of aggravated robbery. *See Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009) (victim need not positively identify defendant as perpetrator if other evidence of his identity exists). We therefore resolve appellant's first issue against him.

**B**.       **Second Issue:  Did the trial court erroneously admit jail-call evidence?**

During the guilt/innocence phase, the State introduced exhibits 65 and 66 through Detective McCoy's testimony. Exhibit 65 was a list of calls made from the jail on a specific date, and exhibit 66 had recordings of appellant's calls. Defense counsel objected that the State had "not laid the proper predicate for the jail calls," but the exhibits were admitted.

Appellant's second issue argues that "Exhibits 65-67 were jail calls" that were erroneously admitted for lack of a proper predicate. Exhibit 67, however, was a google map, and appellant's argument pertains only to jail calls. We therefore confine our discussion to exhibits 65 and 66.[1]

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We will uphold

---

[1] To the extent that appellant also intended to argue that the Google map was erroneously admitted, we reject that argument as inadequately briefed. *See* TEX. R. APP. P. 33.1.

an evidentiary ruling if it was correct on any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Rule 901 provides:

To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

*See* TEX. R. EVID. 901(a). The second part of the rule includes non-exclusive examples of authentication conforming to the rule's requirements, including "testimony of a witness with knowledge" and "voice identification." *See* TEX. R. EVID. 901(b).

McCoy testified that jail inmates are assigned a PIN identification number. When inmates use the phone, they must use the PIN. In addition, the inmate is prompted to identify himself at the beginning of a call.

McCoy requested the list of calls appellant made on May 25. The call file list he received, exhibit 65, showed appellant's name (Dave Newman) and PIN number, the phone number called, the time of the call, and the call's duration. The list showed six calls, three of which were included on Exhibit 66. In addition, McCoy had spoken with appellant and listened to the calls, and believed it was appellant's voice on the recorded calls because of the context of the conversation and because the caller identified himself as "Dave."

Based on McCoy's testimony and the call file list showing that appellant was the person on the recorded calls, it was not outside the zone of reasonable disagreement for the trial court to conclude that a reasonable juror could find the evidence was what the State purported it to be. *See* TEX. R. EVID. 901(a); *Morris v. State*, 460 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Accordingly, we resolve appellant's second issue against him.

**C. Third and Fourth Issues: Should the judgment be reformed?**

Appellant's third and fourth issues argue that the judgment should be reformed because it omitted the citation for the enhancement statute and erroneously stated that the enhancement paragraph was not applicable. The State agrees that the judgment should be reformed to show that appellant pled true to the enhancement paragraph and the jury made a finding of true to that paragraph, but does not agree that the judgment needs to reference the enhancement statute.

We have the authority to correct the trial court's judgment to make the record "speak the truth" when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2; *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the judgment shows that the plea to the enhancement paragraph and the findings on the enhancement are "N/A" and the statute for the offense is "TEX. PENAL CODE § 29.03."

The record reflects, however, that appellant pled true to the enhancement and stipulated that the copies of the prior judgment and conviction were true and correct. The record further reflects that the jury found the enhancement paragraph true. Therefore, the judgment should be modified to reflect that appellant pled true to the enhancement and the jury found it true.

Regarding citation of the enhancement statute, appellant was indicted for and found guilty of aggravated robbery pursuant to TEX. PENAL CODE § 29.03. The judgment correctly references this statute in the space designated for "statute for the offense." Appellant urges, however, that the enhancement statute, TEX. PENAL CODE §12.42(a), also be included in the judgment. We are not persuaded.

Specifically, the code of criminal procedure lists the items that must be included in a judgment, and the statutory authority for enhancement is not on that list. TEX. CODE CRIM. PROC. art. 42.01. The Office of Court Administration is charged with conforming these requirements in

a standard felony judgment. *See* TEX. CODE CRIM. PROC. art. 42.01§4. The enhancement statute has not been included on that form.

Therefore, we resolve appellant's third issue against him and sustain his fourth issue. We modify the judgment to reflect that appellant pled true to the enhancement and the jury found it true. As modified, the judgment is affirmed.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170659F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVE ESTER NEWMAN, Appellant

No. 05-17-00659-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1630710-N.
Opinion delivered by Justice Whitehill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant pled true to the enhancement paragraph and the jury found it true. As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 13, 2018.