# Would TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00468-CR

---

**Anthony Wayne Martin, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 77482, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Anthony Wayne Martin was convicted of the offense of sexual assault of a child, and he was sentenced to nineteen years' imprisonment. *See* Tex. Penal Code §§ 12.33, 22.011. The alleged victim was his daughter, V.M.[1] On appeal, he contends that the trial court erred by admitting evidence concerning his prior conviction for indecency with a child by contact. *See id.* § 21.11. We will affirm the trial court's judgment of conviction.

## BACKGROUND

Over twenty years ago, Martin became romantically involved with Mother. During their relationship, Mother and Martin had two children: V.M. and her older brother A.M. Mother also had four other children, but Martin was not the father of those children. One of

---

[1] Because she was a minor when the alleged offense occurred, we will refer to the victim by using a pseudonym and refer to her family members other than Martin by pseudonyms or their relationships to her. *See* Tex. R. App. P. 9.10 (defining sensitive information).

these siblings was Mother's daughter S.A., who was three years older than V.M. In 2008, the Department of Family and Protective Services ("Department") removed V.M. and her siblings from Mother's care due to her drug use, her leaving the children alone, and the living conditions in the home. The Department placed V.M. and A.M. with Martin's parents, and Martin resided in that home. Even though the Department opposed the children living in the home permanently because Martin was a registered sex offender, the trial court in that case ordered that V.M. and A.M. be placed in the grandparents' home. Martin and Grandmother were ultimately named as joint managing conservators for V.M.

In September 2016, V.M. told one of her high school teachers that Martin had been sexually abusing her, and the teacher informed the principal who called the police and the Department. A police officer responded to the call and spoke with V.M. at the school. Another officer arranged for V.M. to be interviewed at a child advocacy center and for V.M. to have a forensic medical examination. After the police investigated the allegations, Martin was arrested and charged with sexual assault of a child.

During the trial, the State called as witnesses police officers involved in the investigation, the teacher to whom V.M. disclosed the abuse, a Department investigator who became involved in this case after V.M. made her outcry, the nurse who examined V.M., an employee for the child advocacy center where V.M. was forensically interviewed, and a prosecutor involved in an unrelated criminal case involving V.M. after she made her outcry. In her testimony, V.M. described how Martin began touching her vagina with his hands over and under her clothes when she was four or five, how he made her hold his penis and rub it, and how he escalated the abuse when she was nine or ten by inserting his fingers and his penis into

2

her vagina multiple times. Martin elected to testify in his case-in-chief and called as witnesses Grandmother, Grandfather, and A.M.

Prior to any witnesses testifying, the trial court held a hearing outside the presence of the jury to determine whether the State would be able to present evidence concerning Martin's prior conviction for indecency with a child. The victim in the prior case was S.A., and she was three at the time of the offense. During the hearing, the trial court considered whether State's exhibits 3, 8, 9, and 10 would be admitted, and the four exhibits were the judgment from Martin's prior conviction reflecting that in 2002 he pleaded guilty to the offense of indecency with a child by contact, a form signed by Martin when he was released from custody for that prior offense informing him of his obligation to register as a sex offender, and two sex-offender registration forms from 2022 and 2023 showing that Martin had complied with his registration requirement for those years. In the hearing, a police officer testified regarding the contents of the exhibits and how they showed that Martin was previously convicted of the offense of indecency with a child by contact and that he had to register as a sex offender. Martin objected to the admission of the prior judgment because it did not have a verifiable fingerprint, but he did not make any other objection. The trial court overruled the objection.

Following the hearing, multiple witnesses testified regarding the prior case, and the State offered for entry into evidence the four exhibits discussed above pertaining to that conviction. The first witness at trial, one of the investigating officers, was asked if he learned as part of his investigation that Martin had a prior conviction. Martin objected, urging that the testimony was not relevant and was more prejudicial than probative. The trial court sustained the objection and instructed the jury to disregard the question but denied Martin's motion for a mistrial.

3

Later, the Department investigator testified that a home study was prepared after V.M. was removed from Mother's care and that the study identified concerns about Martin. Martin objected, arguing that the testimony was irrelevant and was more prejudicial than probative. The trial court overruled the objection, and Martin did not ask for a running objection. Following that ruling, the investigator explained that Martin was a registered sex offender.

During V.M.'s testimony, she related that she learned from one of her cousins that Martin had molested one of her sisters and then explained in response to another question by the State that S.A. was the sister who was also abused. Next, V.M. testified that she was in middle school when she learned about the abuse against S.A. Martin did not object to any of this testimony. When the State asked V.M. whether Martin was "doing anything to" her at the time that she learned of the other abuse, Martin objected under Rule 403 and later asked to have a running objection. The trial court overruled the objection but did not rule on his request for a running objection. After the ruling, V.M. testified that she was still being abused at the time that she learned that he had abused S.A. and that she did not tell anyone about the abuse even after learning about what had happened to S.A. because she was afraid that Grandmother would have thought the abuse was V.M.'s fault. During her cross-examination, V.M. explained that she did not know what age S.A. was when she made her outcry and that she found out Martin was a registered sex offender when she looked him up online.

When the officer who testified at the earlier hearing was called as a witness at trial, he testified that Martin was a registered sex offender, that the officer had performed registration compliance checks on Martin, and that Martin had been timely complying with his registration requirements. Martin did not object to any of this testimony. Later in his testimony,

the officer explained that State's exhibit 8 was a sex-offender-release form that was filled out "during [Martin's] very first initial sex offender registration" when he was released from custody for the prior conviction. Martin objected, asserting that the testimony was not relevant, but he did not make any other objection. After the trial court overruled the objection, the officer continued his testimony and explained that sex offenders are required by statute to fill out the form.

Next, the officer explained that State's exhibit 9 was a Secure Sex Offender Registration form for Martin from October 2022 and that the exhibit reflected that Martin went to the police station in 2022 to perform his annual sex-offender registration. Similarly, the officer testified that State's exhibit 10 was a registration form for 2023 and that exhibit 10 was the most recent registration form for Martin. When discussing all three exhibits, the officer related that they reflected that Martin had previously been convicted of indecency with a child. Next, the officer explained that the conviction occurred in Bell County and that the exhibits had to be prepared under the governing statutory scheme for convicted sex offenders. Martin did not object to any of this testimony.

When the State offered exhibits 8, 9, and 10, the following exchange occurred in which Martin objected under Rule 403 and obtained for the first time a running objection to evidence regarding the extraneous offense:

> [Martin]: My objection is to relevance, Your Honor.
>
> [Trial Court]: Yes, sir. That objection is overruled. And State's Exhibits 8, 9 and 10 are admitted.
>
> [State]: At this time I will also offer State's Exhibit No. 3. That would be the prior conviction.

[Martin]: Defense would renew his running objection in regards to all these documents being far more prejudicial than probative and will lead the jury to convicting him for something that occurred 22 years ago and [ha]s nothing to do with this present case.

[Trial Court]: Relevance and more prejudicial than probative, those two objections are overruled. And State's Exhibit 3 is admitted as well.

. . .

[State]: May I publish?

[Martin]: Over my objection, Your Honor, my running argument in regards to any testimony as to the first case.

[Trial Court]: Very good. Defense will have a running objection to any testimony or ongoing. You don't have to stand up and object to anything related to Cause Number 53-whatever.

After considering the evidence presented at trial, the jury convicted Martin of sexual assault of a child. Martin appeals his conviction.

## DISCUSSION

In one issue on appeal, Martin contends that the trial court erred by overruling his Rule 403 objection to the admission of the exhibits and testimony pertaining to his prior conviction for indecency with a child, and he argues that the probative value of the evidence was substantially outweighed by its prejudicial nature. When presenting this issue, he argues that the evidence was inherently inflammatory because it involved allegations of sexual abuse committed against a three-year-old. Further, he notes that the offense occurred twenty-two years before the trial and, therefore, argues that it had little probative value regarding his character at the time of the alleged offense in this case. Additionally, he emphasizes that the sexual-assault allegations in this case differed significantly from the extraneous offense of indecency with a child and contends that the differences undermined the usefulness of the extraneous-offense evidence.

6

Moreover, he asserts that the extraneous-offense evidence took approximately the same amount of time to present as did the evidence pertaining to the charged offense. Next, he argues that the State did not need the evidence because V.M. was an adult at the time of trial and was able to articulate her claims. Finally, he asserts that he was harmed by the trial court's ruling.

Generally, before a party may present "a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a *timely* request, objection, or motion" "with sufficient specificity to make the trial court aware of the complaint." *See* Tex. R. App. P. 33.1(a) (emphasis added); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009); *see also Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008) (noting that objection must be "timely and specific"). The objection must let the trial court "know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Resendez*, 306 S.W.3d at 313 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Preservation of error is a "systemic requirement" on appeal. *See Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016). Appellate courts should not address the merits of an issue that has not been preserved for appellate consideration. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012).

"An objection is timely if it is made as soon as the ground for the objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd). "If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.*; *see House v. State*, 909 S.W.2d 214, 216 (Tex. App.—Houston [14th Dist.] 1995), *aff'd*, 947 S.W.2d

7

251 (Tex. Crim. App. 1997); *see also Burt v. State*, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013) ("An appellant fails to preserve error by failing to object when he had the opportunity."). "Furthermore, an objection is required every time inadmissible evidence is presented." *House*, 909 S.W.2d at 216. There are, however, two exceptions to the proposition of law that a party must object each time he thinks inadmissible evidence is being offered: (1) when the party has secured a running objection on the issue he deems objectionable; or (2) when a valid objection to all the evidence deemed objectionable on a given subject is made outside of the presence of the jury. *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991). Moreover, "[i]t is well settled that the erroneous admission of [evidence] is not cause for reversal if the same fact is proven by other testimony not objected to" "either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010).

As set out above, Martin did not make a Rule 403 objection during the hearing held outside the presence of the jury. *See Ethington*, 819 S.W.2d at 859; *see also* Tex. R. Evid. 103 (explaining that "[w]hen the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal"). Martin did object to testimony concerning his prior conviction under Rule 403 and obtained adverse rulings during the testimonies of one of the investigating officers and the Department investigator; however, he did not ask for a running objection when he made any of those objections. *See Ethington*, 819 S.W.2d at 858.

Martin also objected under Rule 403 during V.M.'s testimony but did so only after she answered without objection five questions from the State in which she explained that in middle school she learned from a cousin that S.A. had been abused by Martin. Although Martin

8

did ask to be given a running objection after objecting under Rule 403 during V.M.'s testimony, he did not obtain one, and the trial court just overruled the Rule 403 objection instead. *See* Tex. R. App. P. 33.1 (explaining that to preserve complaint for appellate consideration when trial court does not rule on objection, complaining party must object to refusal to rule); *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (emphasizing that objection must be made each time inadmissible evidence is offered "unless the complaining party obtains a running objection"); *see also Scaggs v. State*, 18 S.W.3d 277, 292-93 (Tex. App.—Austin 2000, pet. ref'd) (noting that running objection typically applies only to one witness's testimony unless request is clearly objecting to all similar testimony from any witness).

Additionally, following those rulings, a police officer testified that Martin was a registered sex offender and that Martin had been complying with his registration requirements. Further, the officer described exhibits 8, 9, and 10 and how they showed that Martin was a registered sex offender and had been registering yearly, and the officer discussed how all three exhibits established that Martin had previously been convicted of indecency with a child. *See Leday*, 983 S.W.2d at 718. Martin did not make any Rule 403 objection to any of this testimony. *See Grant*, 345 S.W.3d at 512.

The State then asked questions concerning where the conviction occurred and whether there was a statutory obligation to create the exhibits. When the State offered the exhibits for admission into evidence, Martin objected to their admission, arguing that the exhibits were not relevant and should be excluded under Rule 403. However, those objections occurred after the officer testified without objection concerning the contents of those exhibits and how they established that Martin had previously been convicted of indecency with a child and that he was a registered sex offender, and the objections were made after the officer answered more

9

questions by the State. *See Gray v. State*, No. 08-11-00003-CR, 2012 WL 3025930, at \*5 (Tex. App.—El Paso July 25, 2012, pet. ref'd) (op., not designated for publication) (noting that "[a]n objection made after the prosecutor has elicited the testimony typically comes too late" and concluding that objections did not preserve error because first objection did not occur until after witness answered two additional questions and where second and third objections were not made until after witness had been asked and answered another question). Although Martin referred to a prior running objection when he objected to the admission of the exhibits, the trial court had not granted any previous request for a running objection. *See Moore v. State*, No. 07-13-00270-CR, 2014 WL 1691519, at \*1 (Tex. App.—Amarillo Apr. 24, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (concluding that defendant did not preserve error regarding admission of evidence even though he objected because he did not obtain running objection and because evidence was admitted later without objection).

Given that evidence similar to the contents of exhibits 3, 8, 9, and 10 was introduced through unobjected-to testimony, that Martin's Rule 403 objections to V.M.'s testimony and the admission of the exhibits were not timely, and that Martin had not obtained a running objection before the exhibits were admitted into evidence, we conclude that he did not preserve for appellate consideration his Rule 403 claim pertaining to evidence regarding his prior conviction. *See House*, 909 S.W.2d at 216 (determining that defendant did not preserve complaint where he did not object until after question was answered and where witness later answered similar questions without objection); *see also Webb v. State*, 557 S.W.3d 690, 698 (Tex. App.—Texarkana 2018, pet. ref'd) ("A party waives error regarding the erroneous admission of evidence if the same or substantially similar evidence has been previously admitted in the proceeding without objection.").

For these reasons, we overrule Martin's issue on appeal.

## CONCLUSION

Having overruled Martin's issue on appeal, we affirm the trial court's judgment of conviction.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   August 21, 2025

Do Not Publish

11